*E-Filed 11/18/09*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THERESA CALLOWAY,<br><br>    Plaintiff,<br>  v.<br><br>CASH AMERICA NET OF CALIFORNIA, LLC, et al.,<br><br>    Defendants.<br>_____/ | Case No. C 09-04858 RS<br><br>**ORDER CONTINUING HEARING AND REQUESTING FURTHER BRIEFING** |

Defendants filed a motion to dismiss, arguing, among other things, that plaintiff lacks standing because she filed a personal bankruptcy after her claim arose. Specifically, defendants argued that plaintiff (1) initially failed to list the claim among her assets, (2) thereafter improperly asserted the claim was exempt under an inapplicable provision of the California Code of Civil Procedure, and (3) failed to establish abandonment of the claim by the bankruptcy trustee. In opposition, plaintiff acknowledged that she had not initially listed the claim as an asset but asserted that she properly amended her schedules to list it while the bankruptcy proceedings were pending. Plaintiff offered arguments and authorities directed at showing that the Code of Civil Procedure exemption on which she relied *did* apply, and that the trustee abandoned the claim by operation of law when the bankruptcy proceedings concluded.

On reply, defendants did not attempt to rebut plaintiffs' arguments that the exemption was applicable to the claim and that the trustee effectively abandoned the claim.  Instead, defendants raise a more fundamental argument that it is inconsistent for plaintiff to have used the bankruptcy proceedings to avoid her debt obligation, while attempting to preserve her affirmative claims relating to that same debt.  Although this argument is related to the grounds on which the motion was originally brought, it presents new matter to which plaintiff has not had the opportunity to respond.  Accordingly, the hearing on the motion to dismiss is hereby continued to December 23, 2009.  No later than December 2, 2009, plaintiff may file a supplemental opposition brief, not to exceed 15 pages.  No later than December 14, 2009, defendants may file a supplemental reply, also not to exceed 15 pages.   The supplemental filings should not include further discussion as to whether the complaint states a claim against defendant Cash America International, Inc.; that question has been sufficiently briefed.

Finally, a question has arisen as to when papers must be served under the Local Rules and Federal Rule of Civil Procedure 6.  Civil Local Rule 5-5(b) provides that in ECF cases such as this, the rules governing the ECF program apply.  General Order 45, Section IX, in turn, dispenses with service of the actual documents being filed, and instead provides that an e-mail message will be automatically generated by the ECF system and sent to all parties in the case.  The order provides that "[r]eceipt of this message shall constitute service on the receiving party."  Thus, absent circumstances where for some reason a party does not receive the automatic e-mail notice from the ECF system, service occurs automatically and within minutes of the time a document is e-filed.

Federal Rule of Civil Procedure 6 would, of course, prevail over any inconsistent local rule or general order.  Subdivision (d) of that rule provides that "when a party may or must act within a specified time after service," and service is made by e-mail, "3 days are added after the period would otherwise expire."  That provision simply has no application to briefing schedules under the local rules, which set filing and service deadlines at a minimum number of days *prior* to the hearing date, and do not run from the time any document has been served, by e-mail or otherwise.[1]

---

[1] Rule 6(c)(1)(c) also authorizes courts to vary the timing requirements by order, so there would be no conflict in any event.

Accordingly, in ECF cases, parties generally may adhere to the schedule set out in Civil Local Rule for *filing* papers and rely on the fact that *service* will be automatic, contemporaneous, and timely. The only question remaining here, therefore, arises from the fact that even though the opposition was filed (and automatically served) 21 days before the hearing, that day happened to be a court holiday.[2] Defendants contend plaintiff therefore was obligated to file and serve the opposition prior to the holiday. No rule explicitly imposes such a requirement and the ECF system permits filing (and automatic service) when the Court is closed. General Order 45 expressly provides that a filing completed "prior to midnight" is "considered timely filed that day." Thus, the opposition was timely.

IT IS SO ORDERED.

Dated: November 18, 2009

RICHARD SEEBORG
UNITED STATES MAGISTRATE JUDGE

---

[2] Defendants assert that it must also be taken into account that two additional holidays intervene prior to the original hearing date, citing subdivision (a)(2) of Rule 6. That subdivision, however, calls for excluding weekends and legal holidays only where the period of time being counted is less than 11 days. Opposition briefs are due 21 days prior to the hearing, so neither that subdivision nor the subsequent holidays are relevant. The parties should note also that subdivision (a)(2) has been eliminated from the version of Rule 6 that takes effect December 1, 2009. Thereafter weekends and holidays will be counted even when the time period is less than 11 days.

3