***E-Filed 01/15/2010*** 

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THERESA CALLOWAY, | Case No. C 09-04858 RS |
| Plaintiff, | |
| v. | **ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS** |
| CASH AMERICA NET OF CALIFORNIA, LLC, et al., | |
| Defendants. | |

## I. INTRODUCTION

In this putative class action, named plaintiff Theresa Calloway asserts claims under the California Rosenthal Fair Debt Collection Practices Act, alleging that defendants Cash America Net of California, LLC ("CashNet") and Cash America International, Inc. ("CAI") engaged in improper debt collection activities. Defendants move to dismiss on the grounds that Calloway lacks standing, having obtained relief from the underlying debt in her Chapter 7 bankruptcy action. Because defendants have failed to show that Calloway's affirmative claim under the Rosenthal Act was extinguished by those bankruptcy proceedings, that prong of the motion to dismiss will be denied.

The motion of CAI to dismiss on grounds that no facts have been alleged to support liability against it will be granted, with leave to amend.

## II. BACKGROUND

In September of 2008, CashNet sent Calloway a document entitled "Settlement Offer Notice," which Calloway contends contains language that violates the Rosenthal Act.  In March of 2009, Calloway filed for bankruptcy under Chapter 7.  Her original petition did *not* list her potential Rosenthal Act claim among her assets.

After the creditors' meeting and the bankruptcy trustee's report, and shortly before the bankruptcy proceedings were closed, Calloway filed amended schedules listing the claim as an asset and claiming an exemption for it under California law.  The bankruptcy court then granted Calloway a discharge and closed the case in July of 2009, without any express provision for disposition of the Rosenthal Act claim.

Calloway subsequently filed this action in Santa Clara Superior Court in September of 2009. Defendants removed to this court, asserting both diversity and federal question jurisdiction. Although it appears Calloway elected not to pursue any claims under federal law thereby obviating any federal question jurisdiction, diversity jurisdiction remains to permit litigation in the federal forum.

## III. DISCUSSION

A. <u>Standing</u>

Defendants' initial moving papers argued that Calloway (1) failed at the outset to list the Rosenthal claim among her assets, (2) thereafter improperly asserted the claim was exempt under an inapplicable provision of the California Code of Civil Procedure, and (3) failed to establish abandonment of the claim by the bankruptcy trustee.   In opposition, Calloway acknowledged that she had not initially listed the claim as an asset but asserted that she properly amended her schedules to list it while the bankruptcy proceedings were pending.  Plaintiff offered arguments and authorities directed at showing that the California Code of Civil Procedure exemption on which she relied *does*

apply, and that the trustee abandoned the claim by operation of law when the bankruptcy proceedings concluded.

On reply, defendants did not attempt to rebut Calloway's showing that the exemption was applicable to the claim and that the trustee effectively abandoned it.  Instead, defendants argued that it is simply inconsistent and improper for Calloway to use the bankruptcy proceedings to avoid her debt obligation, while attempting to preserve her affirmative claims relating to that same debt.  As that argument presented new matter on reply, the Court continued the hearing and allowed further briefing.

Defendants may be correct that there is some practical unfairness in permitting Calloway to obtain a discharge of the underlying debt and a bar against further enforcement efforts, but then to permit her to pursue affirmative claims in this Court.  Particularly given the fact that Calloway did not list her Rosenthal claim as an asset until the bankruptcy proceeding was nearly concluded, there is an argument that these circumstances are not fully consistent with the spirit and intent of the two schemes of protections provided to debtors by the bankruptcy code and the Rosenthal Act, respectively.  Defendants have not shown, however, that Calloway has violated any provision of bankruptcy law in so proceeding.

Moreover, defendants have offered no authority for the proposition that where a claim has been disclosed in a bankruptcy action and then abandoned by the bankruptcy trustee, the debtor cannot pursue it.  The cases on which defendants rely all involve significantly different factual circumstances. See *Walls v. Wells Fargo*, 262 F.3d 502 (9th Cir. 2002) (holding creditor's alleged violation of bankruptcy discharge actionable only by the bankruptcy court, not through FDCPA claim): *Siegel v. Fed Home Loan Mortg. Corp.*, 143 F.3d 525 (9th Cir. 1998) (finding that allowance of secured creditors' claims in bankruptcy proceeding operated as *res judicata* bar to separate tort and breach of contract action relating to the subject of those claims); *In re Coastal Plains, Inc.*, 179 F.3d 197, 208 (5th Cir. 1999) (rejecting notion that a debtor can subsequently pursue a claim that *was not disclosed* in the bankruptcy proceedings).

Finally, defendants' suggestion that Calloway should not be able to pursue this action because she has already obtained legal protection against any future collection activities does not

3

address the fact that she seeks recovery arising out of CashNet's alleged prior wrongful conduct that transcends debt discharge and collection preclusion. Accordingly, the motion to dismiss based on Calloway's purported lack of standing is denied.

B. CAI

CAI alone moves to dismiss on the additional ground that Calloway has not sufficiently alleged facts showing that it is liable as a "debt collector" under the Rosenthal Act. In opposition, Calloway argues that she has *alleged* that CAI is a debt collector and that the Court should not disregard those allegations or require anything more. Calloway has attached to her complaint, however, the Settlement Offer Notice upon which her claims are based, and that document shows it was sent by CashNet, not CAI. In these circumstances, Calloway's conclusory allegation that CAI acted as a "debt collector" is insufficient and its motion to dismiss will be granted. At the hearing, counsel acknowledged that Calloway lacks any specific information that CAI was involved in the collection activities at issue. Accordingly, the motion to dismiss will be granted as to CAI, with leave to amend in the event Calloway can in good faith allege sufficient facts to support a claim against it.

### IV. CONCLUSION

Defendants' motion to dismiss for lack of standing is denied. CAI's motion to dismiss for failure to state a claim against CAI is granted. Any amended complaint shall be filed within 20 days of the date of this order.

IT IS SO ORDERED.

Dated: 01/15/2010

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

4