*E-filed 4/12/11*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

THERESA CALLOWAY, *on behalf of herself and others similarly situated*,

    Plaintiff,

v.

CASH AMERICA NET OF CALIFORNIA LLC,

    Defendant.

No. 09-CV-04858 RS

**PRELIMINARY APPROVAL ORDER**

## I. BACKGROUND

Cash America Net of California L.L.C. ("CashNet") is a "pay-day" loan company that provides direct loans to consumers. This case arises out of CashNet's practice of mailing debt collection letters which allegedly violated California's Rosenthal Fair Debt Collection Practices Act ("RFDCPA"). Cal. Civ. Code § 1788 *et seq.* On October 13, 2009, Cash Net removed the case to this Court based on diversity jurisdiction. Following a mediation held on April 28, 2010, the parties jointly submitted a preliminary class action settlement agreement requesting that the Court conditionally certify the class pursuant to the Federal Rules of Civil Procedure, Rule 23(a) and 23(b)(3), direct the mailing of the proposed class action notice, approve the parties' preliminary settlement, and set a schedule for the remainder of this litigation. The Court hereby conditionally certifies the class and grants preliminary approval of the parties' proposed settlement agreement.

## II. DISCUSSION

A. <u>Class Certification & Notice</u>

Rule 23 of the Federal Rules of Civil Procedure determines the aptness of class actions. *See* Fed. R. Civ. P. 23. The Court is conditionally and preliminarily satisfied that the numerosity, commonality, typicality, and adequacy of representation requirements of Rule 23(a), and the provision of Rule 23(b)(3) are met in this case. *See Zinser v. Accufix Research Inst., Inc.*, 253 F. 3d 1180, 1186 (9th Cir. 2001). The Court conditionally grants the parties' request for class certification. The class is defined as follows: approximately 16,949 persons including Theresa Calloway and other similarly situated individuals who (1) have or had an address in California, (2) to which CashNet caused to be mailed a letter in the form of Exhibit 1 attached to plaintiff's complaint, (3) anytime on or after October 1, 2008. The Court appoints Calloway as class representative. Ronald Wilcox of San Jose, California and O. Randolph Bragg of Chicago, Illinois are appointed as class counsel pursuant to Rule 23(g). The Court finds that Wilcox and Bragg are experienced and knowledgeable in class action litigation and that they will fairly and adequately represent the interests of the class. *See* Fed. R. Civ. P. 23(g).

The Court further directs dispatch of the notice to the class members as submitted by the parties in their proposed settlement agreement provided that a legible copy of Exhibit 1 is attached. The opt-out period shall be sixty days.

B. <u>The Settlement Agreement</u>

Rule 23(h) governs the award of attorneys' fees and costs in certified class actions. Because plaintiff's counsel have not yet submitted a fee motion, on March 17, 2011 the Court requested supplemental briefing regarding the application of *In re Mercury Interactive Corp. Securities Litigation*, 618 F.3d 988 (9th Cir. 2010) to the instant motion. In *Mercury*, the Ninth Circuit explained that Rule 23(h) requires that class members be allowed an opportunity to object to a fee motion prior to the expiration of the class members' opt-out deadline. *Id.* The *Mercury* court held that setting the class members' objection deadline on a date before the deadline for counsel to submit their fee motion

amounted to legal error and was nearly a denial of due process in that it deprived class members of a full and fair opportunity to object to the fee motion. *Id.* at 993-94 ("Allowing class members an opportunity thoroughly to examine counsel's fee motion . . . is essential for the protection of the rights of class members."). *Mercury* also clarified that such an opportunity to object "ensures that the district court, acting as a fiduciary for the class, is presented with adequate, and adequately-tested, information to evaluate the reasonableness of a proposed fee." *Id.* *Mercury* involved a common class fund, a percentage of which was allocated to attorney's fees. *Id.* at 990. Thus, the amount distributed to the attorneys directly diminished the amount received by the class, necessitating that the class be given an opportunity to examine and object to the attorneys' fee motion. *Id.* at 990-91.

In contrast, this case is brought under the RFDCPA, which provides for a separate award of costs and reasonable attorney's fees to a prevailing party.[1] This lack of a common fund obviates the due process concerns highlighted by the *Mercury* court. *See, e.g.*, *In re Lifelock, Inc. Marketing & Sales Practices*, No. 08-1977-MHM, 2010 WL 3715138, at *9 (D.Ariz. 2010) (finding *Mercury* inapplicable where the class members' rights were not affected by the attorneys' fees because there was no common fund, no adversarial relationship between the attorneys and the class members, and notice was discretionary rather than required under Rule 23(c)(2)(a)). In this case, the Court grants preliminary approval of the parties' proposed settlement agreement. This is not to say that the *Mercury* rule would necessarily be inapplicable in every class action where separate statutory costs and attorney fees are awarded or where there is no common fund. The Court finds only that *Mercury* does not apply to the instant case.

---

[1] The RFDCPA provides that "[i]n the case of any action to enforce any liability under this title, the prevailing party shall be entitled to costs of the action. Reasonable attorney's fees, which shall be based on time necessarily expended to enforce the liability, shall be awarded to a prevailing debtor . . . ." Cal. Civ. Code § 1788.30(c).

C. Schedule

The Court sets a schedule for the remainder of litigation as follows:

1. Notices are to be emailed by Monday, April 25, 2011. Email notices that are returned as undeliverable shall be transmitted via first class US mail within three postal business days.

2. The class members' opt-out deadline shall be set sixty days after the email notices are transmitted, or Friday, June 24, 2011, whichever is later.

3. The hearing regarding final approval shall be held on Thursday, July 21, 2011 at 1:30 p.m.

The parties are directed to update the notice to class members to reflect the above schedule.

## III.  CONCLUSION

The Court grants conditional certification of the class and preliminary approval of the parties' proposed settlement agreement in accordance with this order.

IT IS SO ORDERED.

Dated:    4/12/11

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE