**United States District Court**
For the Northern District of California

*E-Filed 8/5/11*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THERESA CALLOWAY, on behalf of herself and all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CASH AMERICA NET OF CALIFORNIA, LLC d/b/a CASHNET USA; CASH AMERICA INTERNATIONAL, INC.,<br><br>　　　　Defendants.<br>_____ / | No. C 09-04858 RS<br><br>**[PROPOSED]**<br>**FINAL APPROVAL ORDER**<br>**AS MODIFIED BY THE COURT** |

On October 13, 2009, Defendant Cash America Net of California, LLC d/b/a CashNetUSA ("CashNetUSA") removed to this Court Plaintiff Theresa Calloway's class action complaint (hereinafter referred to as the "Lawsuit") filed in California state court against Defendant asserting class claims under the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code 1788 *et seq.* ("RFDCPA"). Plaintiff alleged specifically that CashNetUSA sent Plaintiff and Class Members a letter in the form of Exhibit 1 attached to Plaintiff's Complaint which allegedly used false and misleading representations in an attempt to collect a debt in violation of the RFDCPA. CashNetUSA denied any and all liability asserted in the Lawsuit.

In an attempt to settle the Lawsuit, the Parties participated in extensive settlement discussions and the Court's mediation process. A settlement was reached. The parties subsequently

entered into a written Class Action Settlement Agreement ("Agreement") and on January 20, 2011 filed a Joint Motion for Class Certification and Preliminary Approval of Class Action Settlement Agreement.  The Agreement is subject to review under Fed. R. Civ. P. 23.

The Court entered an Order of Preliminary Approval of Class Action Settlement on April 12, 2011, which was amended April 28, 2011 (hereinafter referred to as the "Preliminary Approval Order").  Pursuant to the Preliminary Approval Order, the Court, among other things, (for settlement purposes only) (i) preliminarily certified a class of plaintiffs; (ii) appointed Plaintiff Theresa Calloway as the Class Representative; and, (iii) appointed O. Randolph Bragg, Esq. and Ronald Wilcox, Esq. as Class Counsel. Class notices were to be emailed to all class members on or before May 9, 2011.

The Preliminary Approval Order also approved the form of the Notice of Proposed Class Action Settlement ("Notice") attached to the Agreement.  The approved form Notice provided in the Relief to Class section that: "Claims of the class members to participate in the distribution of the class cash recovery may be sent to CashNetUSA by means of electronic mail."  Because CashNetUSA elected to accept claims on line, it established a Settlement website (www.loanletterssettlement.com).  Thus, the Relief to Class section in the Notice sent to class members was modified to read instead: "Claims of the class members to participate in the distribution of the class cash recovery may be filed online at www.loanletterssettlement.com."

The approved form Notice provided in the To Submit A Claim Form section that: "To submit a claim to receive your share of the $16,000 cash recovery for the class (up to $10.00 max.), you must respond to this email sent to you with this notice indicating your participation in the class settlement, and if applicable, proof that the claims in this lawsuit were listed as an asset in any bankruptcy proceeding and have been abandoned by the Trustee."  Again, because CashNetUSA elected to accept claims on-line, the To Submit A Claim Form section in the Notice was modified to read instead: "To submit a claim to receive your share of the $16,000 cash recovery for the class (up to $10.00 max.) go to the Settlement website at www.loanletterssettlement.com and complete the on-line claim form.  You can also download a claim form, complete it and mail it to Claims Manager, PO Box 218, Minneapolis, MN 55440-0218. If you filed bankruptcy between September

3, 2008 and August 4, 2011, and you file a claim, you must provide proof that the claims in this lawsuit were listed as an asset in any bankruptcy proceeding and have been abandoned by the Trustee." The Court approves these changes to the Notice.

On August 4, 2011, after the required class action notices were sent by email, a Fairness Hearing was held pursuant to Fed. R. Civ. P. 23 to determine whether the Lawsuit satisfied the applicable prerequisites for class action treatment and whether the proposed settlement was fundamentally fair, reasonable, adequate, and in the best interest of the settling class members and should be approved by the Court.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties hereto, including all Class Members.

2. Pursuant to Fed. R. Civ. P. 23, the Lawsuit is hereby finally certified, for settlement purposes only, as a class action consisting of all persons to whom CashNet USA sent, from September 1, 2008 to the present, a letter in the form of Exhibit 1 attached to Plaintiff's Complaint.

3. Pursuant to Fed. R. Civ. P. 23, the Court finally certifies Plaintiff Theresa Calloway as the Class Representative and O. Randolph Bragg, Esq. and Ronald Wilcox, Esq. as Class Counsel.

4. The Court finds that the Lawsuit satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, namely:

    A. The Class Members are so numerous that joinder of all of them in the Lawsuit is impracticable;

    B. There are questions of law and fact common to the Class Members, which predominate over any individual questions;

    C. The claims of the Plaintiff are typical of the claims of the Class Members;

    D. The Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all of the Class Members; and

    E. A class action is superior to other available methods for a fair and efficient adjudication of this controversy.

5.     The settlement of the Lawsuit, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the settling class members, especially in light of the benefits to the settling class members; the strength of the Plaintiff's case; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; and, the risk of collecting any judgment obtained on behalf of the class.

6.     The notification provided for and given to the Class Members substantially and sufficiently complied with the Preliminary Approval Order, met the requirements of Fed. R. Civ. P. Rule 23(c)(2)(B) and due process, and constituted the best notice practicable under the circumstances.  The Court finds that the notice clearly advised the class members of their rights and protected the rights of absent class members.

7.     The Agreement, which is attached hereto as Exhibit A and is incorporated herein, and the proposed settlement is approved and shall be consummated in accordance with the terms and provisions thereof.  The material terms of the Agreement include, but are not limited to, the following:

   A.     CashNetUSA shall pay Ms. Calloway a total of $2,000 as statutory damages pursuant to the RFDCPA and as an incentive award and for her services as class representative;

   B.     CashNetUSA shall pay those class members whose loans have been paid off or sold (approximately 13,600 members), and who did not timely exclude themselves from the settlement, $16,000 as their RFDCPA statutory damages on a pro rata-claims made basis, with each claim capped at a maximum of $10.00 within 30 days of entry of the Final Order by the Court pursuant to Fed. R. Civ. P. Rule 54(d).

   C.     Defendant shall also credit the sum of $54,000 to class members whose loans are still owned by CashNetUSA (approx. 3,300 members), and who did not timely exclude themselves from the settlement, on a pro rata basis.  Such payment will be effectuated by issuance of a credit to each such members' account within 30 days of entry of the Final Order by the Court pursuant to Rule 54(d) of the Fed. R. Civ. P.

  D. CashNet USA shall pay as a *cy pres* award to Santa Clara Law School Legal Clinic for use in consumer representation and education all settlement funds not distributed as set forth above within 60 days of final accounting for the Class Fund.

  E. CashNetUSA shall pay Plaintiff's counsel reasonable costs, expenses and attorneys' fees, subject to Court approval.  Plaintiff's counsel shall make application to the Court within fourteen (21) days of entry of this Order pursuant to Rule 54(d) of the Federal Rules of Civil Procedure.  Payment to Plaintiffs' counsel is separate from and will not be taken from any part of the payments to the class members.

8. The Class Representative, Class Members, and their successors and assigns are permanently barred and enjoined from instituting or prosecuting, either individually or as a class, or in any other capacity, any of the Released Claims against any of the Released Parties, as set forth in the Agreement.  Pursuant to the release contained in the Agreement, the Released Claims are compromised, settled, released, discharged, and dismissed with prejudice by virtue of these proceedings and this Final Order and Judgment.  The release is contingent upon CashNet USA's performance of its obligations as set forth in the Agreement.

9. The Class Members were given an opportunity to object to the settlement or request exclusion from the settlement.  No Class Members objected to the settlement.  No Class Members requested exclusion from the settlement.  No Class Members appeared at the hearing.

10. This Final Order and Judgment is binding on all Class Members who did not exclude themselves from the settlement.

11. Except for the determination of the award of costs, expenses and reasonable attorneys' fees, the Lawsuit is hereby dismissed with prejudice in all respects.

12. This Final Order and Judgment is not, and shall not be construed as, an admission by CashNet USA of any liability or wrongdoing in this or in any other proceeding.

13. The Court hereby restrains and enjoins all persons who have appeared in these proceedings and any other person from taking any actions interfering or inconsistent with this Final Order and Judgment and the Agreement that the Court hereby approves.

14. The Court hereby retains continuing and exclusive jurisdiction over the Parties and

all matters relating to the Lawsuit and/or Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement, Agreement, class membership, and Final Order and Judgment.

15. Final accounting for the Class Fund shall be completed within sixty days of the date of this Order.

IT IS SO ORDERED.

Dated: 8/5/11

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE